UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

WILLIAM BANKHEAD,

                Plaintiff,

  -against-                                          MEMORANDUM
                                                             AND ORDER
CHRISTINE MAOUNIS,                            06-CV-06110 (ERK)

                Defendant.
───────────────────────────────X

KORMAN, United States District Judge:

      Plaintiff, proceeding *pro se,* brings this civil rights action against his landlord alleging that he has been discriminated against because of his sexual orientation, a "non-gay male." Complaint at 2. Plaintiff seeks damages and "an emergency order pursuant to the Federal Witness, Agents, Informant Protection Act for the arrest" of defendant. <u>Id.</u> at 7. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, and dismiss the action for lack of subject matter jurisdiction.

**I. Background**

      Plaintiff alleges that on August 20, 2006, he "entered into a residential non-commercial lease agreement verbally" for apart 2-L at 167 Harman Street in Brooklyn for $430.00 per month. Complaint at 2-3. Plaintiff alleges that shortly after he moved in, defendant entered his apartment without his permission, demanded that he accompany her to dinner and on visits to others' residences and queried him regarding his sexual orientation. Plaintiff alleges that once he informed defendant that he "wasn't gay, defendant became a completely different person, and exhibited nothing but bitterness toward[]" him, including, *inter alia,* demanding that plaintiff

1

identify his guests, providing false information to the police, and accusing plaintiff of strange sounds and smells coming from his apartment. Id. at 3-5.[1]

## II. Discussion

I construe plaintiff's pleadings liberally particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Nevertheless, all plaintiffs, regardless of representation, must establish that the Court has subject matter jurisdiction over the claims presented. See Rivera v. Golden Nat'l Mortg. Banking Corp., No. 00 Civ. 4368, 2001 WL 716908, at *1 n. 2 (S.D.N.Y. June 26, 2001) ("The complaint must be construed liberally in favor of the *pro se* plaintiff. At the same time, however, the *pro se* plaintiff bears the burden of establishing that subject matter jurisdiction exists.").

A federal court may not entertain an action over which it has no jurisdiction. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Moreover, federal courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Arbaugh v. Y & H Corp., ___ U.S. ___, 126 S. Ct. 1235, 1244 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is

---

[1] I note that for the second time in one year, Mr. Bankhead has filed a complaint which is incomplete, this time missing page six. See Bankhead v. Kuo et al., 05-CV-4443 (ERK) dkt. entry no. 4, Order dated November 16, 2005 (plaintiff directed to submit pages 12 and 13). Given the nature of the complaint and the absence of subject matter jurisdiction, I see no need to delay the resolution of the case by requesting page six from plaintiff.

available only when a "federal question" is presented (28 U.S.C. § 1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety. Kontrick v. Ryan, 540 U.S. 443, 455 (2004); see also, Arbaugh, ___ U.S.___, 126 S.Ct. at 1244; United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Fed. R. Civ. P. 12(h)(3).

Plaintiff provides no basis for the exercise of this Court's jurisdiction. The parties are not diverse; nor has plaintiff stated a federal question. Plaintiff's attempt to assert that 42 U.S.C. §§ 1981 and 1982 are bases for this Court's subject matter jurisdiction is unavailing. These sections are clearly inapplicable as they only apply to intentional racial discrimination. Although plaintiff makes conclusory allegations that defendant discriminated against him on the basis of sexual orientation, his complaint is quite clearly a dispute with his landlord. Landlord-tenant relations are a matter of state law. Hearn v. Lin, No. 01-CV-8208, 2002 WL 720829 (E.D.N.Y. Feb. 14, 2002); See McAllan v. Malatzky, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights), aff'd, 173 F.3d 845 (table) (2d Cir. 1999); DiNapoli v. DiNapoli, No. 95 Civ.7822, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters); Chiania v. Broadmoor Associates, No. 94 Civ. 0613, 1994 WL 30412, at *1 (S.D.N.Y. Feb. 2, 1994) (finding no subject matter jurisdiction over landlord-tenant matters).

This Court, as a federal district court, is without subject matter jurisdiction to entertain

plaintiff's claims. Whereas, ordinarily, I would allow plaintiff an opportunity to amend his complaint, Cruz v. Gomez, 202 F.2d 593 (2d Cir. 2000), I need not afford that opportunity here where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction and the claims are frivolous.[2]

**III. Conclusion**

Accordingly, plaintiff's complaint filed *in forma pauperis* is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*Edward R. Korman*
Edward R. Korman
United States District Judge

Dated: Brooklyn, New York
       November 30, 2006

---

[2] As detailed in the Court's February 7, 2006 Order in Bankhead v. Kuo et al., 05-CV-4443 (ERK) (listing forty-three cases in which plaintiff has been a litigant in this Circuit), plaintiff is a frequent litigant in this court. Plaintiff, who characterizes himself as a paralegal, is reminded that the resources of the Court should not be squandered on baseless or frivolous actions.

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――X

WILLIAM BANKHEAD,

               Plaintiff,

  -against-

                                                             CIVIL JUDGMENT

CHRISTINE MAOUNIS,                             06-CV-06010 (ERK)

               Defendant.
―――――――――――――――――――――――――X

      Pursuant to the order issued today by the undersigned dismissing for lack of subject matter jurisdiction, the complaint, it is,

      **ORDERED, ADJUDGED AND DECREED:** That the complaint is hereby dismissed. For purpose of any appeal, the Court certifies pursuant to 28 U.S.C. 1915 (a)(3) that any *in forma pauperis* appeal would not be taken in good faith.


                                                      *Edward R. Korman*
                                                 Edward R. Korman
                                                 United States District Judge


Dated:  Brooklyn, New York
         November 30, 2006